UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIRIES ANTON ABU-JOUDEH,

      Plaintiff,                              No. 23-11234

v.                                        Honorable Nancy G. Edmunds

WALMART INC.,

      Defendant.

_____/

**ORDER OF REMAND TO MACOMB COUNTY CIRCUIT COURT**

Plaintiff filed this personal injury action in the Macomb County Circuit Court, but Defendant removed the matter to this Court based on diversity jurisdiction. (ECF No. 1.) The Court subsequently issued an order requiring Defendant to show cause in writing why this case should not be remanded to state court for failure to meet the jurisdictional amount in controversy requirement, as set forth in 28 U.S.C. §1332(a) and Local Court Rule 81.1. (ECF No. 2.) Defendant has now filed a response to the Court's order to show cause. (ECF No. 5.)

It is well-established that the party seeking removal bears the burden of establishing its right to removal, and the federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). A defendant seeking removal on the basis of diversity jurisdiction has the burden of proving the amount in controversy by a

1

preponderance of the evidence. *Gafford v. Gen. Elec., Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Here, Defendant relies on the allegations in the complaint along with Plaintiff's refusal to stipulate that the damages do not exceed $75,000 to satisfy the amount in controversy requirement. In the complaint itself, Plaintiff alleges that as he was using a motorized shopping cart and "turning down a shopping aisle, his knee hit a sharp edge of the retail end unit and [he] cut his knee." (ECF No. 1-2, PageID.9.) While Plaintiff also states he suffered from a "concussion and head pain," (*Id.* at PageID.10-11), this allegation was made in summary fashion later in the complaint and does not flow from the earlier factual allegations. The Court finds that a "fair reading" of the allegations in Plaintiff's complaint does not support a finding that the amount in controversy exceeds $75,000. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (internal quotation marks and citation omitted). And Plaintiff's refusal to stipulate to limit his damages is not a sufficient basis for removal. *See Davis v. BASF Corp.*, No. 03-40198, 2003 U.S. Dist. LEXIS 26155, at *6 (E.D. Mich. Nov. 24, 2003).

THEREFORE, IT IS HEREBY ORDERED that this matter is remanded to the Macomb County Circuit Court.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
Dated: June 21, 2023        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager